UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NICHELLE SCOTT, on behalf of herself and all others similarly situated, | Civil Action No. |
| Plaintiff, | |
| -against- | New York State Supreme Court County of Westchester |
| U.S. SECURITY ASSOCIATES, INC. d/b/a ANDREWS INTERNATIONAL, LLC, | Index No.: 54298/2019 |
| Defendant. | |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant U.S. Security Associates, Inc. ("U.S. Security") hereby removes this action, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and 29 U.S.C. § 185(a), from the Supreme Court of the State of New York, County of Westchester, to the United States District Court for the Southern District of New York. In support of this Notice of Removal, U.S. Security states the following:

1.  On March 20, 2019, Plaintiff Nichelle Scott commenced the underlying purported class action in the Supreme Court of the State of New York in Westchester County. The case is captioned *Nichelle Scott v. U.S. Security Associates, Inc. d/b/a Andrews International, LLC*. A true and correct copy of the Summons and Complaint is attached to this notice as Exhibit 1.

2.  On March 28, 2019, Plaintiff served the Summons and Complaint on U.S. Security through the New York State Secretary of State. A true and correct copy of the affidavit of service is attached to this notice as Exhibit 2.

1

3. Since the Complaint was filed, no further pleadings have been filed, and no proceedings have yet occurred in the Westchester County state court action.

4. The Complaint purports to assert three causes of action under the New York Labor Law.

5. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because U.S. Security has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 and 29 U.S.C. § 185(a).

## I. DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

6. This Notice of Removal is being filed within thirty days of service upon the U.S. Security, as required by 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

7. Venue is proper in the District Court for the Southern District of New York because the Supreme Court of the State of New York, Westchester County, where this suit was originally filed, is within the Southern District of New York. *See* 28 U.S.C. §§ 112(b), 1441(a), and 1446(a).

8. No previous request has been made for the relief requested herein.

9. Under 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on counsel for Plaintiff and a copy will promptly be filed with the Clerk of the Supreme Court, in the County of Westchester.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION UNDER 28 U.S.C. § 1331 AND 29 U.S.C. § 185(a).

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 185(a) because this is a civil action that necessarily involves the interpretation of a Collective

Bargaining Agreement ("CBA"), and therefore the state law claims that require such interpretation are preempted by federal law, specifically the Labor Management Relations Act, 29 U.S.C. § 141, *et seq.  See United Steelworkers of Am. v. Rawson,* 495 U.S. 362, 368–70 (1990).

11. In the complaint, Plaintiff asserts claims under New York Labor Law, alleging that U.S. Security failed to properly pay for uniform maintenance ("Count One"), failed to reimburse for uniforms ("Count Two"), and failed to properly pay overtime ("Count Three").

12. In support of Count Three, Plaintiff specifically alleges that U.S. Security allocated worked hours to the incorrect week in order to avoid paying overtime.  *See* Exhibit 1, Complaint, ¶ 35.

13. Plaintiff worked for U.S. Security at a union worksite, and her employment relationship with U.S. Security was governed by a CBA.  A true and correct copy of the CBA applicable to Scott is attached to this notice as Exhibit 3.

14. Among other topics, the CBA governs payment for uniforms and for overtime.

15. In particular, the CBA governs the definition of a "regular work week," which is used to determine when an employee crosses the hours-worked threshold warranting overtime pay.  *See* Exhibit 3, CBA, ¶ 7(A), (D), & (E).

16. Accordingly, interpretation of the CBA is necessary to determine whether any potential liability for unpaid overtime exists.  Because it is necessary to interpret a CBA, the LMRA preempts the state law claim, granting jurisdiction in this Court.

17. In addition, other provisions of the CBA are also essential to Plaintiff's claims regarding uniform maintenance and reimbursement.

18. Moreover, as Plaintiff purports to assert this as a state-wide class action, numerous other CBAs applicable to other worksites within New York State will need to be interpreted in evaluating the merits of the Complaint.

19. By way of example, a true and correct copy of the CBA with the SEIU Local 32BJ is attached to this Notice as Exhibit 4.  The SEIU CBA has specific provisions that govern overtime pay and define a workweek differently than the CBA that applied to the named Plaintiff.  *See* Exhibit 4, ¶¶ XXI & XXII.

### III.   CONCLUSION

20. For the reasons stated herein, the federal courts may exercise original jurisdiction over the Complaint in this case.  Accordingly removal to this Court is proper.

21. U.S. Security will provide both Plaintiff and the clerk of the Supreme Court of the State of New York, Westchester County, with prompt written notice of this filing, as required by 28 U.S.C. § 1446(d).


Dated:  White Plains, New York
        April 29, 2019

                                        Respectfully Submitted,

                                        Eckert Seamans Cherin & Mellott, LLC


                                        By:   *s/Riyaz G. Bhimani*
                                              Riyaz G. Bhimani
                                        Eckert Seamans Cherin & Mellott, LLC
                                        10 Bank Street, Suite 700
                                        White Plains, New York 10606
                                        (914) 949-2909
                                        rbhimani@eckertseamans.com

and

Evan S. Weiss, Esq.
Elizabeth Bulat Turner, Esq.*
W. Brian Holladay, Esq.*
* *Pro Hac Vice Motions Forthcoming*
Martenson, Hartenson, Hasbrouck, & Simon LLP
3379 Peachtree Road, N.E., Suite 400
Atlanta, Georgia 30326
(404) 909-8100
(404) 909-8120 (facsimile)

*Attorneys for Defendant*
*U.S. Security Associates, Inc.*

## CERTIFICATE OF SERVICE

I, Riyaz G. Bhimani, hereby certify that a true and correct copy of the foregoing **Notice of Removal** was served via first-class U.S. Mail, postage prepaid, on April 29, 2019, on the following:

Mark Gaylord, Esq.
Bouklas Gaylord LLP
400 Jericho Turnpike Suite 226
Jericho, New York 11753

*Attorney for Plaintiff*

       s/ Riyaz G. Bhimani
       Riyaz G. Bhimani